IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02245-PAB-KLM

JOHN DAVIS, *pro se*,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for GSAA Home Equity Trust 2007-5, Asset-Back Certificates, Series 2007-5,
CYNTHIA D. MARES, Arapahoe County Public Trustee (Nominal Defendant),
JUDGE ELIZABETH WEISHAUPL (Nominal Defendant),
LAWRENCE E. CASTLE, in his corporate capacity,
LAWRENCE E. CASTLE, in his individual capacity,
ROBERT J. HOPP, in his corporate capacity,
ROBERT J. HOPP, in his individual capacity,
CHRISTINA WHITMER, Public Trustee of Grand County (Nominal Defendant), and
DOES 1-10,

    Defendants.

---

### ORDER

---

This matter is before the Court on plaintiff's Forthwith Motion for an Order to Show Cause Why the State Court Order Authorizing Sale Should Not Be Vacated as Void Ab Initio [Docket No. 62] and that portion of Plaintiff's Forthwith Motion in re ex Parte Young Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 61] that seeks a temporary restraining order. In light of plaintiff's *pro se* status, the Court will construe plaintiff's motion liberally, but will not advocate for him. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff John Davis claims an interest in residential property that has been foreclosed on and sold, but which he apparently still occupies. Docket No. 61 at 12. Plaintiff asks the Court to enjoin defendant Judge Elizabeth Weishaupl, a District Court Judge for the Eighteenth Judicial District of Colorado, from proceeding in a state forcible entry and detainer action to evict him. *See Deutsche Bank National Trust Company v. Briggs*, No. 2016CV000336 (Colo. Dist. Ct., Arapahoe Cty.); Docket No. 61 at 2-3. Plaintiff argues that the proceedings carried out under Colorado Rule of Civil Procedure 120 ("Rule 120") prior to the sale violated his due process rights and that allowing Judge Weishaupl to continue to preside over the eviction proceedings after having decided the Rule 120 proceedings would be a further due process violation. Docket No. 61 at 3. Plaintiff argues that Rule 120 is unconstitutional for lowering the burden of proof required in foreclosure proceedings, not requiring the original copies of the original note, and not allowing homeowners to present all possible defenses. *Id*. at 5-9. Plaintiff claims he was unconstitutionally deprived of the defense that defendant Deutsche Bank National Trust Company ("Deutsche Bank") was not a holder in due course, which he claims Judge Weishaupl did not require Deutsche Bank to prove. *Id*. at 9. Plaintiff argues that he is entitled to injunctive relief under *Ex parte Young*, 209 U.S. 123, 126 (1908), and that the Court should evaluate his request for injunctive relief under the modified standard for likelihood of success on the merits found in *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1209 n.3 (10th Cir. 2009). Docket No. 61 at 3, 10.

To succeed on a motion for a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a

likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co.*, 552 F.3d at 1208 (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).  Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir.1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).  Under the modified test for a preliminary injunction, a plaintiff can satisfy the likelihood of success on the merits prong by showing that there are "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation."  *RoDa Drilling Co.*, 552 F.3d at 1208 n.3 (quoting *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir. 1995)).

      Plaintiff cannot succeed on his motion for a temporary restraining order even under the modified standard for success on the merits because he cannot show that there are questions going to the merits that are doubtful and deserve investigation.

      Regarding plaintiff's claim that Judge Weishaupl is unconstitutionally biased simply because she presided over related proceedings, such allegations are insufficient. *See Fed. Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 702-03 (1948) ("Neither the

Tumey decision nor any other decision of this Court would require us to hold that it would be a violation of procedural due process for a judge to sit in a case after he had expressed an opinion as to whether certain types of conduct were prohibited by law. In fact, judges frequently try the same case more than once and decide identical issues each time, although these issues involved questions both of law and fact.").

Plaintiff's claims about the Rule 120 proceedings are equally deficient. Contrary to plaintiff's assertion that his due process rights were violated because Deutsche Bank was not required to prove that it was the holder in due course and was not required to produce the original note, the order that issued following the Rule 120 hearing found that Deutsche Bank was a holder in due course based on its production at the hearing of the duly-endorsed original note. *In re Deutsche Bank National Trust Company*, No. 2016CV31190, slip op. at 5 (Colo. Dist. Ct., Arapahoe Cty. Aug. 18, 2016); Docket No. 35-6 at 5. Plaintiff's conclusory assertion that this did not occur is not enough to overcome the findings in the Rule 120 order and otherwise show that the merits are doubtful and deserve investigation. As a result, plaintiff fails to show a likelihood of success on the merits, which results in denial of his motion. *See Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB-MJW, 2013 WL 50434 at *3 (D. Colo. Jan. 3, 2013) (where plaintiff fails to demonstrate a likelihood that she will suffer irreparable harm in the absence of a TRO, "[t]he Court need not reach the other factors of the inquiry.").

## II.  MOTION FOR A SHOW CAUSE ORDER

Plaintiff asks the Court to issue "an order to show cause why an order authorizing sale in the Colorado Rule 120 should not be vacated as void ab initio on grounds that that [sic] the Rule 120 was conducted in a manner inconsistent with due process."

4

Docket No. 62 at 2. Plaintiff seeks to "collaterally attack and set aside a state court order" that is related to and at issue in the ongoing proceedings. Docket No. 62 at 15. Plaintiff repeats the arguments discussed above regarding the constitutionality of Rule 120 and the alleged due process violations. Docket No. 62 at 4-15.

The Court will deny plaintiff's motion because it must abstain from granting the relief he seeks under *Younger v. Harris*, 401 U.S. 37 (1971).

As defendant admits, there are ongoing eviction proceedings against him in state court. Docket No. 61 at 2. The Court takes judicial notice of the docket in that matter. *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."). The docket shows that plaintiff has raised as defenses and counterclaims the same issues that he asks this Court to address. Answer and Counterclaims at 1-18, *Deutsche Bank National Trust Company v. Briggs*, No. 2016C046432 (Colo. Dist. Ct., Arapahoe Cty. filed Oct. 7, 2016). As the state court proceedings are ongoing, the Court must consider whether abstention is proper under *Younger*. *See Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591 at *3 (D. Colo. May 7, 2007) (explaining the Colorado foreclosure process).

*Younger* directs a federal court to abstain from exercising its jurisdiction where:

(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

5

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation omitted). *Younger* is mandatory and does not grant a district court discretion not to abstain unless extraordinary circumstances are present. *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (citing *Amanatullah*, 187 F.3d at 1163) .

Here, the eviction proceedings are ongoing and involve important state interests. *See Beeler*, 2007 WL 1346591 at *3 ("Actions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law."). Likewise, the Court finds the eviction proceedings are an adequate forum to hear plaintiff's claims, which he continues to pursue there. *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) ("*Younger* abstention dictates that federal courts not interfere . . . regarding constitutional issues in those proceedings–when such relief could adequately be sought before the state court.").

### III. CONCLUSION

Accordingly, it is

**ORDERED** that the portion of Plaintiff's Forthwith Motion in re ex Parte Young Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 61] which seeks a temporary restraining order is **DENIED**. It is further

**ORDERED** that plaintiff's Forthwith Motion for an Order to Show Cause Why the State Court Order Authorizing Sale Should Not Be Vacated as Void Ab Initio [Docket No. 62] is **DENIED**. It is further

**ORDERED** that responses to Plaintiff's Forthwith Motion in re ex Parte Young Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 61] shall be filed on or before **5:00 p.m. on December 22, 2016** and any reply shall be filed on or before **5:00 p.m. on December 28, 2016**. It is further

**ORDERED** that a hearing on Plaintiff's Forthwith Motion in re ex Parte Young Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 61] is set for **1:30 p.m. on January 5, 2017**.

DATED December 16, 2016.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge