IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02245-PAB-KLM

JOHN DAVIS, *pro se*,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for GSAA Home Equity Trust 2007-5, Asset-Back Certificates, Series 2007-5,
CYNTHIA D. MARES, Arapahoe County Public Trustee (Nominal Defendant),
JUDGE ELIZABETH WEISHAUPL (Nominal Defendant),
LAWRENCE E. CASTLE, in his corporate capacity,
LAWRENCE E. CASTLE, in his individual capacity,
ROBERT J. HOPP, in his corporate capacity,
ROBERT J. HOPP, in his individual capacity,
CHRISTINA WHITMER, Public Trustee of Grand County (Nominal Defendant), and
DOES 1-10,

    Defendants.

## ORDER

    This matter is before the Court on Plaintiff's Forthwith Motion in re ex Parte Young Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 61]. In light of plaintiff's *pro se* status, the Court will construe plaintiff's motion liberally, but will not advocate for him. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    The Court has already denied that portion of plaintiff's motion seeking a temporary restraining order. *See* Docket No. 64. That order recites the nature of plaintiff's preliminary injunction motion and the relevant procedural history of this case, which will not be repeated here.

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).  Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), is "the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).  Under the modified test for a preliminary injunction, a plaintiff can satisfy the likelihood of success on the merits prong by showing that there are "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *RoDa Drilling Co.*, 552 F.3d at 1208 n.3 (quoting *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir. 1995)).

Plaintiff asks the Court to enjoin Judge Elizabeth Weishaupl from presiding over the eviction proceedings against him after she presided over the Colorado Rule of Civil Procedure 120 ("Rule 120") hearing that allowed defendant Deutsche Bank National Trust Company ("Deutsche Bank") to foreclose on the property at issue.  *See Deutsche*

*Bank National Trust Company v. Briggs*, No. 2016CV000336 (Colo. Dist. Ct., Arapahoe Cty.); Docket No. 61 at 2-3.  Plaintiff argues that the Rule 120 proceedings were unconstitutional because Deutsche Bank was not required to prove that it was a holder in due course and because the fact of Judge Weishaupl presiding over the subsequent eviction proceedings violates his due process rights.  Docket No. 61 at 3.

On December 16, 2016, the Court denied that portion of plaintiff's motion that sought a temporary restraining order.  Docket No. 64.  The Court found that plaintiff could not satisfy the likelihood of success on the merits prong.  *Id*. at 3.

Defendants Judge Weishaupl [Docket No. 65 (filed Dec. 20, 2016)], Deutsche Bank [Docket No. 68 (filed Dec. 21, 2016)], Cynthia D. Mares [Docket No. 69 (filed Dec. 22, 2016)], and Christina Whitmer [Docket No. 70 (filed Dec. 22, 2016)] filed responses to plaintiff's preliminary injunction motion.  On December 27, 2016, plaintiff filed his reply.  Docket No. 72.

Judge Weishaupl argues that § 309(c) of the Federal Courts Improvement Act of 1996 ("FCIA") bars injunctive relief against her for claims under 42 U.S.C. § 1983 concerning acts performed in her judicial capacity.  Docket No. 65 at 5 (citations omitted).  As the Tenth Circuit has recognized, "judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well."  *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008) (unpublished) (suit against a judge for the District Court of Alamosa County, Colorado).[1]

---

[1] Other circuits have also recognized the same principle and that the bar extends beyond federal judicial officers.  *See, e.g., Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006).

As modified by FCIA, § 1983 provides in relevant part that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not claim that a declaratory decree was violated, but it is unclear that declaratory relief is available in this action because the Court must abstain from entering such relief under *Younger v. Harris*, 401 U.S. 37 (1971), due to the ongoing eviction proceedings. Docket No. 64 at 5-6.

Judge Weishaupl next argues that she is entitled to qualified immunity because "Plaintiff's allegations do not show a constitutional violation and also fail to establish that ruling against a litigant in a civil proceeding violates clearly established law." Docket No. 65 at 7. The Court turns, therefore, to whether plaintiff has established that he is likely to succeed on the merits of his constitutional claim.

Plaintiff's reply does not respond to the Court's grounds for denying a temporary restraining order or to defendants' arguments. Docket No. 72. Instead, he analogizes this case to *Brumfiel v. U.S. Bank*, No. 12-cv-02716-WJM, 2013 WL 1874186 (D. Colo. May 6, 2013). Docket No. 72 at 2. However, the situation in *Brumfiel* differs from the situation here with regard to the evidence used to show the right to foreclose. The trust in *Brumfiel* "relied upon a statement by its attorney that the Trust was the holder of the Property in suit in lieu of the original evidence of debt." *Brumfiel*, 2013 WL 1874186 at *1 (internal quotation marks omitted). In this case, Deutsche Bank produced the duly-endorsed original note at the Rule 120 hearing. *In re Deutsche Bank National Trust Company*, No. 2016CV31190, slip op. at 5 (Colo. Dist. Ct., Arapahoe Cty. Aug. 18, 2016). Plaintiff argues that the Rule 120 proceedings and related statutory

modifications deprived him of due process, but he fails to explain how he was injured given that Deutsche Bank presented the original note, rather than relying on an attorney's certification. As the Court previously found, Plaintiff's challenge to the Rule 120 proceedings fails because the order that issued after the Rule 120 proceedings found that Deutsche Bank satisfied the burden present even before the statutory changes and introduction of Rule 120 by producing the duly-endorsed original note. Docket No. 64 at 4. "Plaintiff's conclusory assertion that [the presentation of the duly-endorsed original note] did not occur is not enough to overcome the findings in the Rule 120 order." *Id*. at 4.

Likewise, Plaintiff's allegations that his due process rights are violated because Judge Weishaupl presides over the eviction proceedings after she presided over the Rule 120 proceedings are legally insufficient. Docket No. 64 at 3-4 (citing *Fed. Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 702-03 (1948)).

Plaintiff fails to satisfy even the modified test for success on the merits by showing that the merits of his claims are "doubtful . . . and deserving of more deliberate investigation." *RoDa Drilling Co.*, 552 F.3d at 1208 n.3 (internal quotation marks omitted). Therefore, plaintiff's request for a preliminary injunction will be denied. *See Fasi v. HSBC Bank USA, N.A.*, No. 12-cv-03290-PAB-MJW, 2013 WL 50434 at *3 (D. Colo. Jan. 3, 2013) (where a party fails to satisfy one of the factors necessary to award injunctive relief, "[t]he Court need not reach the other factors of the inquiry.").

Accordingly, it is

**ORDERED** that the portion of Plaintiff's Forthwith Motion in re ex Parte Young Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 61] which seeks a preliminary injunction is **DENIED**.  It is further

**ORDERED** that the hearing on Plaintiff's Forthwith Motion in re ex Parte Young Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 61] set for 1:30 p.m. on January 5, 2017 is vacated.

DATED December 30, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge