# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02245-PAB-KLM

JOHN DAVIS,

     Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for GSAA Home Equity Trust 2007-5, Asset-Back Certificates, Series 2007-5,
CYNTHIA D. MARES, Arapahoe County Public Trustee (Nominal Defendant),
JUDGE ELIZABETH WEISHAUPL (Nominal Defendant),
LAWRENCE E. CASTLE, in his corporate capacity,
LAWRENCE E. CASTLE, in his individual capacity,
ROBERT J. HOPP, in his corporate capacity,
ROBERT J. HOPP, in his individual capacity,
CHRISTINA WHITMER, Public Trustee of Grand County (Nominal Defendant),
JUDGE JOHN DOE, and
DOES 1-10,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on the following motions: (1) Defendant Lawrence E. Castle's **Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#29][1] ("Castle's Motion"), (2) Defendant Weishaupl's **Motion to Dismiss the First Amended Complaint** [#33] ("Weishaupl's Motion"), (3) Defendant Deutsche Bank National Trust Company's **Motion to Dismiss Plaintiff's First Amended Verified**

_____

[1] "[#29]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

**Complaint** [#35] ("Deutsche Bank's Motion"), (4) Defendant Christina Whitmer's **Motions to Dismiss the First Amended Complaint Pursuant to F.R.Civ.P. 12(b)(6)** [#40] ("Whitmer's Motion"), (5) Defendant Robert J. Hopp's **Joining in the Castle Motion to Dismiss Plaintiff's First Amended Complaint** [#43] ("Hopp's Motion"), (6) Defendant Cynthia Mares' **Motion to Dismiss First Amended Complaint** [#58] ("Mares' Motion"), and (7) Plaintiff's **Motion to Withdraw Judge Weishaupl's Status as Nominal Defendant for Cause** [#66] ("Motion to Change Status"). Plaintiff filed a combined Response [#63] to Defendants Deutsche Bank, Castle, and Hopp's Motions. These Defendants' Replies are at [#73, #75, and #76], respectively. Plaintiff appears to have attempted to file a Response to Weishaupl's Motion, but the document attached is solely the Certificate of Service. *See* [#57]. Plaintiff filed a Response [#60] to Defendant Mares' Motion, to which she filed a Reply [#71]. Defendant Weishaupl filed a Response [#78] in opposition to the Motion to Change Status, and Plaintiff filed a Reply [#81]. No Response or Reply was filed with respect to Defendant Whitmer's Motion.

Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motions have been referred to the undersigned for recommendation. *See* [#30, #34, #36, #41, #45, #59, #67]. Having reviewed all motions and related briefing, the entire case file, the relevant law, and being sufficiently advised in the premises, the Court respectfully **RECOMMENDS** that all Defendants' Motions be **GRANTED**, all claims be **DISMISSED**, and that Plaintiff's Motion to Change Status be **DENIED**.

# I. Background

Plaintiff, who is a pro se litigant,[2] claims an interest in residential property that has been foreclosed on and sold. *See Order Approving Sale* [#35-7]. Plaintiff initiated these proceedings on September 6, 2016, *see* Complaint [#1], and filed the Amended Complaint [#26] on October 18, 2016. Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction on December 12, 2016. *See* [#61]. On December 16, 2016, the Court denied the portion of Plaintiff's motion seeking a temporary restraining order. *See* [#64]. On December 30, 2016, the Court denied the portion of Plaintiff's motion seeking a preliminary injunction. *See* [#77].

Plaintiff was given two opportunities to amend the Amended Complaint. On October 26, 2016, Plaintiff filed a Motion to File a Second Amended Complaint [#31], which was denied without prejudice on November 14, 2016, because the Motion was incomplete, as it was obviously missing pages and lacked Plaintiff's signature block. *See Minute Order* [#52]. Plaintiff was told in the Minute Order that "he may re-file a complete version" of the motion. He did not do so. Plaintiff was again advised in a Minute Order entered on April 12, 2017, that his Amended Complaint [#26] remained the operative pleading, and he was allowed until May 3, 2017, to file a proper motion for leave to amend. *See Minute Order* [#96]. To date, Plaintiff has not done so.

---

[2] The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Plaintiff raises eight claims for relief in the Amended Complaint: (1) violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, (2) conspiracy pursuant to § 1983, (3) fraud, (4) unjust enrichment, (5) a request for injunctive relief pursuant to *Ex Parte Young*, (6) violation of the Fair Debt Collection Practices Act, (7) adverse possession, and (8) malicious abuse of process. Plaintiff alleges that § 38–38–101 of the Colorado Revised Statutes as amended by HB–1387, as well as Colorado's foreclosure procedures under Rule 120, violate due process and equal protection pursuant to the Fourteenth Amendment. Plaintiff brings these claims against the following Defendants: (1) the lender (Defendant Deutsche Bank), (2) the State Court District Judge who presided over his foreclosure proceedings (Defendant Weishaupl), (3) two Public Trustees (Defendants Whitmer and Mares), and (4) two private attorneys (Defendants Castle and Hopp).[3]

## II.  Legal Standards

### A.  Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen,* 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)).

---

[3] Plaintiff also listed "Judge John Doe" and "John Does 1-10" as Defendants. The John Does will be addressed separately in this Recommendation.

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman,* 825 F.2d 257, 259 n.5 (10th Cir. 1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.      Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a

complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

### A.      Defendant Weishaupl's Motion to Dismiss [#33][4]

---

[4] Plaintiff's Amended Complaint lists Defendant Weishaupl as a "nominal defendant," and states in the General Allegations of Fact section that she "is not facing liability in this action;

In the Amended Complaint, Plaintiff alleges that Defendant Weishaupl, the State Court District Judge who presided over his foreclosure proceeding, made a misstatement with respect to the rule governing the proceeding, violated principles of due process, ignored case law, and engaged in "taking" Plaintiff's property. *See, e.g.*, *Am. Compl.* [#26] ¶¶ 8, 14, 16, 59-65, 70, 107-119, 130.

To the extent that Plaintiff sues Defendant Weishaupl in her official capacity, "[s]uits against state officials in their official capacit[ies] should be treated as suits against the state." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir.1994) (stating that state officers sued in their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983). Pursuant to the Eleventh Amendment, the Court lacks subject matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir.1995). Further, Eleventh Amendment immunity bars claims against individuals sued in their official capacities "for money damages and relief for prior acts." *See Hunt v. Colo. Dep't. of Corr.*, 271 F. App'x 778, 781 (10th Cir. 2008). Therefore, the Court respectfully **recommends** that any claims made against Defendant Weishaupl in her official capacity be **dismissed without prejudice** for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . .

---

therefore judicial immunity is not implicated." *Am. Compl.* [#26] at 6. However, Plaintiff includes specific references to Defendant Weishaupl throughout the Amended Complaint and appears to allege various conduct for which she is allegedly liable. Thus, the Court considers her Motion to Dismiss [#33] nonetheless.

. the dismissal must be without prejudice." (citations omitted)).

The principles of judicial and quasi-judicial immunity apply to individual-capacity claims. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) (citation omitted). "[A]bsolute immunity is necessary so that judges can perform their functions without harassment or intimidation." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986). A judge will lose judicial immunity only for (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Here, Defendant Weishaupl's actions were indisputably judicial in nature, as Plaintiff has only challenged the propriety of her actions in connection with the foreclosure proceeding over which she presided. *See Brackhahn v. Eder*, No. 13-cv-00141-CMA-KMT, 2013 WL 2394980, at *5 (D. Colo. May 31, 2013) (allegations arising out of a judge's official duties in handling a foreclosure action and authorizing a sale constitute judicial acts normally performed by a judge). Additionally, "the doctrine of judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well[,]" except where "a declaratory decree was violated or declaratory relief was unavailable." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008); *Brackhahn*, 2013 WL 2394980, at *4. Plaintiff does not allege, nor does it otherwise appear, that a declaratory decree was violated or that declaratory relief was unavailable to

Plaintiff. Therefore, the Court respectfully **recommends** that the individual-capacity claims against Defendant Weishaupl be **dismissed with prejudice** on the basis of judicial immunity. *See Flanders v. Snyder Bromley*, No. 09-cv-01623-CMA-KMT, 2010 WL 2650025, at *6 (D. Colo. Apr. 9, 2010) (stating that judicial immunity applies to both monetary and injunctive relief sought against a judicial officer); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## B.    § 1983 Claims

To state a claim under § 1983, Plaintiff must allege deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was committed "under color of state law." *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

### 1.  Claim One:  Individual § 1983 Claims

In Plaintiff's first claim brought pursuant to § 1983, he alleges that Defendants violated his Fourteenth Amendment procedural and due process rights.  In essence, Plaintiff alleges that the legislation amending Colorado's foreclosure statute lowered creditors' standard of proof and thereby violated Plaintiff's – and other homeowners' – due process rights, that Rule 120 is procedurally defective under the Fourteenth Amendment, and that his own Rule 120 proceedings were conducted "in a manner inconsistent with due process." *Am. Compl.* [#26] at 9, 10,15.  As relief, Plaintiff seeks an order voiding the foreclosure, a declaration that Rule 120 is procedurally defective, and a declaration that the

amendments to Colorado's foreclosure statute are unconstitutional. *See Am. Compl.* [#26] at 34-35. These aspects of Claim One will be addressed in turn.

### a. *Rooker-Feldman* Doctrine

Various Defendants argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *See Weishaupl's Motion* [#33] at 9-11; *Deutsche Bank's Motion* [#35] at 7-8; *Mares' Motion* [#58] at 7. The *Rooker-Feldman* doctrine prevents "state-court losers" from seeking review and rejection of a state-court judgment "rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255, 1261 (10th Cir. 2012). "*Rooker-Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (citations omitted). Such prohibited review of state court judgments "includ[es] those that authorize and confirm the sale of property." *Yokomizo v. Deutsche Bank Securities, Inc.*, No. 11-cv-01630-CMA-KLM, 2011 WL 5024899, at *5 (D. Colo. Oct. 21, 2011).

Appropriate application of the *Rooker-Feldman* doctrine to a Rule 120 foreclosure proceeding is dependent on a few variables, including when the federal case was initiated and what relief is sought by the plaintiff. The Tenth Circuit Court of Appeals has applied the *Rooker-Feldman* doctrine to a plaintiff's claim arising out of a Rule 120 proceeding, where the plaintiff was "not seeking to enjoin the sale of her home; rather, she [was] attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated [the lawsuit]." *Dillard v. Bank of New York*, 476 F. App'x 690,

692 n.3 (10th Cir. 2012). Here, the foreclosure sale was approved by the state court on September 16, 2016, but Plaintiff initiated this lawsuit several days prior, on September 6, 2016. *See Order Approving Sale* [#35-7];[5] *Compl.* [#1]. Similar to the *Dillard* plaintiff, Plaintiff in this matter does not request an injunction preventing the foreclosure of his house; he asks for a declaratory judgment that the foreclosure of his property was void ab initio, and "[t]o vacate and set aside any foreclosure sale that may occur . . . ." *Am. Compl.* [#26] at 34, 35. Thus, in effect, Plaintiff is attempting to completely undo the foreclosure proceeding, which became final during the early stages of this litigation.[6] Therefore, regardless of the fact that Plaintiff initiated this lawsuit several days prior to the entry of the Order Approving Sale, the *Rooker-Feldman* doctrine precludes this Court's subject matter jurisdiction over review of the Rule 120 proceeding in dispute because the foreclosure proceeding has fully concluded, and because the relief that Plaintiff seeks, *i.e.*, declaring the foreclosure void and vacating the foreclosure sale, would completely undo the

---

[5] When considering a motion to dismiss, the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court may consider documents outside of the complaint on a motion to dismiss in certain instances, however. The Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *See Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Additionally, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). The Order Approving Sale [#35-7] is properly considered by the Court because it is a court document subject to judicial notice, and is also a document pertinent to ruling on whether the Court has subject matter jurisdiction with respect to this Claim.

[6] For example, throughout the Response, Plaintiff continues to challenge the state court's findings with respect to whether Defendant Deutsche Bank is the Real Party in Interest with standing to foreclose. *See, e.g., Response* [#63] at 14. However, this is precisely the type of inquiry with which the Court cannot engage. Rather, "the more appropriate remedy is to pursue an independent action in state court that challenges the [state court's] order authorizing foreclosure and the sale of the property." *Yokomizo*, 2011 WL 2912691, at *2 (citing *Beeler Props. LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007)).

foreclosure proceeding. *See Lewis v. Wells Fargo Bank NA*, No. 11-CV-03387-CMA-KLM, 2012 WL 4097709, at *6-7 (D. Colo. Aug. 21, 2012) (finding that *Rooker-Feldman* applied where order authorizing foreclosure sale entered after initiation of federal court case because "entire foreclosure process" had concluded), *report and recommendation adopted*, No. 11-CV-03387-CMA-KLM, 2012 WL 4097739 (D. Colo. Sept. 17, 2012).

The Court now addresses Plaintiff's argument that, because Rule 120 proceedings are limited in scope, *Rooker-Feldman* does not apply because matters such as due process claims cannot be raised in a Rule 120 proceeding. *See Response* [#63] at 8. Plaintiff's argument misses the mark; the question is not whether the same claims before this Court were considered by the state court, but whether granting the relief that Plaintiff requests would reverse the state court proceedings. Thus, for the reasons discussed above, to the extent that Plaintiff seeks to undo his foreclosure proceedings, he challenges the judicial process previously undertaken by the state courts. Accordingly, the Court respectfully **recommends** that Claim One, to the extent that Plaintiff seeks to undo his foreclosure proceeding, be **dismissed without prejudice** pursuant to the *Rooker-Feldman* doctrine. *See, e.g.*, *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1063 (D. Colo. 2013). On the contrary, *Rooker-Feldman* does not generally bar the review of a plaintiff's facial challenge to the constitutionality of a state law. *Kenman Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002). Plaintiff's claims that Rule 120 and the amendment to Colorado's foreclosure laws violate the Fourteenth Amendment "seek[ ] relief independent from [the] nullification" of the foreclosure proceeding, and therefore are not barred by *Rooker-Feldman*. *See Allen v. District Court Magistrate Judge Dupree*, No. 04CV2055, 2005 WL

2372837, at *6 (D. Colo. Sept. 27, 2005). The Court now turns to those claims.

### b. Constitutionality of Rule 120

Plaintiff alleges that Rule 120 foreclosure proceedings violate due process because Rule 120 includes "no right to appeal, no right to a jury trial, no right to counter-claim, no right to discovery, [and] limited defenses[.]" *See Am. Compl.* [#26] at 14. He also alleges that Rule 120 is unconstitutional due to the applicable burden of proof, which only requires the lender to provide copies, rather than original documents, to the state court. *See id.* at 13-14. However, "precedent makes clear that a judicial proceeding brought pursuant to Rule 120 which follows the dictates of that law does not violate an individual's due process rights under the Fifth and Fourteenth Amendments." *Lewis v. JP Morgan Chase Bank, National Assoc.*, No. 13-cv-1375-PAB-KLM, 2014 WL 1217948, at *10 n.5 (D. Colo. Mar. 24, 2014) (internal citations omitted). Thus, Plaintiff's contention that Rule 120's procedures are unconstitutional based entirely on the procedures themselves, not on any alleged violation of those procedures in this particular case, fails as a matter of law.[7] *See Am. Compl.* [#26] at 15. Accordingly, to the extent that Plaintiff challenges the constitutionality of Rule 120, the Court respectfully **recommends** that this aspect of Claim One be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

---

[7] Plaintiff appears to solely argue that the actions taken in his foreclosure proceedings were unconstitutional because the state court followed the Rule 120 procedures. *See Am. Compl.* [#26] at 15. Nonetheless, to the extent that Plaintiff alleges that the state court failed to follow Rule 120 procedures because Defendant Deutsche Bank was not required to prove that it was a holder in due course, his assertion is belied by the record. *See In re Deutsche Bank National Trust Company*, No. 2016CV31190, slip op. at 5 (Colo. Dist. Ct., Arapahoe Cty. Aug. 18, 2016); [#35-6] at 5.

### c. Constitutionality of Amendment to Colorado's Foreclosure Laws

Plaintiff alleges that HB–1387, which amended major portions of Colorado foreclosure statutes, violates the Fourteenth Amendment. *See generally Am. Compl.* [#26] at 7-18. Plaintiff appears to assert this aspect of Claim One against Defendants Weishaupl, Deutsche Bank, Castle, Hopp, Mares, and Whitmer. The Court has recommended that all claims against Defendant Weishaupl be dismissed. Accordingly, the Court addresses the remaining Defendants in turn.

### i. Defendant Deutsche Bank

Plaintiff contends that Defendant Deutsche Bank acted under color of state law because it "had actual or constructive knowledge that it was subjecting plaintiff to a procedurally defective Rule 120 [process] under the 14th Amendment when defendant attorneys crafted HB06-1387 [sic]." *Am. Compl.* [#26] at 8. Plaintiff also asserts that state action exists when there is "significant assistance of state officials" or "by use of a state created statute." *Id.* Defendant argues that Plaintiff has failed to allege facts that would satisfy the "color of law" element of a § 1983 action. *Deutsche Bank's Motion* [#35] at 10.

Section 1983 establishes liability based on the actions of the government and its agents. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446-47 (10th Cir. 1995). To support the assertion that a private citizen is a state actor, the conduct allegedly causing the deprivation of a federal right must be "fairly attributable to the state." *Id.* at 1447. In order for conduct to be "fairly attributable to the state,"

> [f]irst, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible." Second, the private party must have "acted together with or . . . obtained significant aid from state

officials or engaged in conduct 'otherwise attributable to the State.'"

*Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir.1996) (citations omitted).  The Tenth Circuit has held that banks generally do not operate under color of state law, and therefore, cannot be held liable pursuant to § 1983.  *See Ramsey v. Citibank, N.A.*, No. 10-cv-02653-WYD-CBS, 2011 WL 4485922, at *9-10 (D. Colo. July 28, 2011), *report and recommendation adopted*, No. 10-CV-02653-WYD-CBS, 2011 WL 4485918 (D. Colo. Sept. 28, 2011), *aff'd*, 475 F. App'x 711 (10th Cir. 2012) (finding that plaintiff's challenge to legal merits of defendant banks' eviction efforts was insufficient to transform banks into state actors); *Elliot v. May*, 122 F. App'x 944, 946 (10th Cir. 2004) (finding that plaintiff failed to show that defendants, including a bank, "who are private entities, were acting under 'color of state law'").

Plaintiff argues that state action exists here because his claims involve state law.  *See Response* [#63] at 10-11.  This argument is inapposite, however, because the issue is not whether Plaintiff's *claims* involve state law, but whether the *Defendant* is a state actor, or was acting under color of law.  Even construed in the light most favorable to Plaintiff, the Amended Complaint solely appears to allege that Defendant Deutsche Bank utilized the legal processes available in order to carry out the foreclosure proceedings.  *Am. Compl.* [#26] at 8.  "A private party invoking a state legal procedure does not transform itself into a state actor."  *See Lewis v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 13-CV-01375-PAB-KLM, 2014 WL 1217948, at *3 (D. Colo. Mar. 24, 2014), *aff'd*, 606 F. App'x 896 (10th Cir. 2015); *see also Scott v. Hern*, 216 F.3d 897, 906-07 (10th Cir. 2000) (private individual does not engage in state action simply by availing itself of a state procedure); *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) ("It is well established that mere

recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983.").

Furthermore, relief under § 1983 cannot be premised solely on an argument that a private actor *misused* available state procedures, particularly in the absence of overt and significant assistance from state officials. *Cobb v. Saturn Land Company, Inc*., 966 F.2d 1334, 1336-37 (10th Cir.1992). As explained previously, Plaintiff appears to only allege that his due process rights were violated because the state court followed Rule 120 procedures. *See Am. Compl.* [#26] at 15. Even so, to the extent that Plaintiff alleges misuse of procedures because Defendant Deutsche Bank was not required to produce the original note, his assertion is belied by the record. *See Order* [#64] at 4; *see also In re Deutsche Bank National Trust Company*, No. 2016CV31190, slip op. at 5 (Colo. Dist. Ct., Arapahoe Cty. Aug. 18, 2016); [#35-6] at 5. Thus, Plaintiff has not sufficiently alleged facts indicating that Defendant Deutsche Bank misused Rule 120 procedures, nor has he sufficiently alleged that state officials overtly and significantly assisted in any misuse.

Furthermore, Plaintiff's statement that Defendant was "jointly engaged with state officials" is insufficient because such joint conduct does not bring the relevant actions within the meaning of § 1983. *See Am. Compl.* [#26] at 8; *Lewis*, 2014 WL 1217948, at *3 (finding that alleged joint conduct between the public trustee and foreclosing defendants was merely the use of state legal procedures) (citing *Read v. Klein*, 1 F. App'x 866, 871 (10th Cir. 2001)). Plaintiff has failed to allege a reasonable basis to find that Defendant Deutsche Bank acted under color of state law.

Accordingly, the Court respectfully **recommends** that this aspect of Claim One as

to Defendant Deutsche Bank be **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

### ii. Defendants Castle and Hopp

With respect to Defendants Castle and Hopp, Plaintiff alleges that they "became state actors and 'de facto' staff attorneys of the legislature when they involved themselves in the legislative process by drafting the legislation which amended the foreclosure statute," which Plaintiff alleges violates due process. *Am. Compl.* [#26] at 9. He further asserts that these Defendants "usurped and corrupted official legislative power" and engaged in a "conspiracy to deprive homeowners of due process" in order "to foreclose for their clients, increase[ ] their revenues, and perpetuate[ ] an ongoing [ ] conspiracy." *Id.*

The Amended Complaint does not contain any factual allegations to show that Defendants Castle and Hopp are state actors. To the extent that Plaintiff challenges Defendants' use of the foreclosure scheme via court proceedings, this alleged joint conduct does not bring the relevant actions within the meaning of § 1983. *See Lewis*, 2014 WL 1217948, at *3 (finding that alleged joint conduct between the public trustee and foreclosing defendants was merely the use of state legal procedures) (citing *Read*, 1 F. App'x at 871).

The Court also rejects Plaintiff's allegation that, by virtue of participating in the legislative process that led to the enactment of Colorado's nonjudicial foreclosure scheme, Defendants Castle and Hopp are state actors. *See Am. Compl.* [#26] at 8. The Court is aware of no authority that supports Plaintiff's position that private parties are transformed into state actors because of their efforts to influence legislation. *Cf. Chapel Farm Estates, Inc. v. Moerdler*, No. 01 Civ. 3601(MBM), 2003 WL 21998964, at *6 (S.D.N.Y. Aug. 22,

2003) (finding that homeowners association was not state actor by virtue of its efforts to lobby city council).[8]

Accordingly, the Court respectfully **recommends** that this aspect of Claim One be **dismissed with prejudice** as to Defendants Castle and Hopp. *See Brereton*, 434 F.3d at 1219.

### iii. Defendants Whitmer and Mares[9]

Defendants Whitmer and Mares are both public trustees. In Claim One, Plaintiff alleges generally that "each of the defendants was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment and that the acts were done under color of state law with the aid of a public trustee, an agent of the state[.]" *See Am. Compl.* [#26] at 8. While Plaintiff does allege that the Defendants Whitmer and Mares are state actors, there are no allegations specifying either Defendant's acts beyond those general assertions. *Id.* Plaintiff's allegation that the other Defendants acted "with the aid of a public trustee" is conclusory and amounts to nothing more than a formulaic recitation of elements. Therefore, Plaintiff's allegation is insufficient. *Ashcroft*, 556 U.S. at 681 (citation omitted); *Ketchum v. Cruz*, 775 F.Supp. 1399, 1403 (D. Colo.1991) (holding that "[m]erely stating that [a plaintiff's] due process and equal protection rights have been violated does not entitle a pro se pleader

---

[8] Plaintiff also argues that Defendants Castle and Hopp are liable under the "continuing violation doctrine." *Am. Compl.* [#26] at 9-11. However, the Tenth Circuit has stated that the continuing violation doctrine does not apply to § 1983 claims. *Mercer-Smith v. New Mexico Children, Youth and Families Dept.*, 416 F. App'x 704, 712 (10th Cir. 2011) (citing *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994).

[9] Plaintiff lists Defendants Whitmer and Mares as "nominal defendants." To the extent that Plaintiff intended to bring claims against them, the Court analyzes the merits.

to a day in court, regardless of how liberally [the court] construe[s] such pleadings"). Further, the "mere acquiescence of a state official in the actions of a private party is not sufficient" to state a § 1983 claim. *Gallagher*, 49 F.3d at 1453.

Accordingly, the Court respectfully **recommends** that this aspect of Claim One be **dismissed with prejudice** as to Defendants Whitmer and Mares. *See Brereton*, 434 F.3d at 1219.

### 2. Claim Two: § 1983 Conspiracy

In Claim Two, Plaintiff alleges that Defendants conspired to deprive him of his property by amending Colorado's foreclosure laws and using its foreclosure procedures, which violated Plaintiff's Fourteenth Amendment rights. *Am. Compl.* [#26] at 19-20. The Tenth Circuit has stated that "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under the color of state law" is actionable. *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990). In order to establish the existence of a conspiracy, a plaintiff seeking redress must show that there was a "single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences." *Id.* at 701-02. Conclusory allegations provide insufficient factual support for such a claim. *See Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.").

Here, there are no factual allegations to support a reasonable inference that the

Defendants shared a specific goal to violate Plaintiff's constitutional rights by engaging in a particular course of action with state actors. Plaintiff's assertion that "each of the defendants sued herein was the agent and employee of each of the remaining defendants" and that their actions were taken under color of state law is conclusory. *See Am. Compl.* [#26] at 20. As explained above, Plaintiff has not sufficiently alleged that Defendants Deutsche Bank, Castle, or Hopp engaged in any joint conduct with state actors. Furthermore, the allegations with respect to Defendants Whitmer and Mares are conclusory and therefore insufficient to show agreement or concerted action with the private Defendants. *See Sooner Prods.*, 708 F.2d at 512. Accordingly, the Court respectfully **recommends** that Claim Two be **dismissed with prejudice** with respect to Defendants Deutsche Bank, Castle, Hopp, Whitmer, and Mares. *See Brereton*, 434 F.3d at 1219.[10]

## C. Claim Six: Fair Debt Collection Practices Act[11]

Plaintiff also asserts a claim pursuant to the Fair Debt Collection Practices Act

---

[10] Plaintiff's Fifth Cause of Action is titled "Exparte [sic] Young Injunction" and solely consists of requests for injunctive relief. *Am. Compl.* [#26] at 28. As an initial matter, an injunction is a form of relief, as opposed to a cause of action. *See Frank v. Wells Fargo Bank, N.A.*, No. 15-cv-02646-RBJ, 2016 WL 6212524, at *9 (D. Colo. Oct. 11, 2016). Additionally, with respect to Plaintiff's request to enjoin Defendant Mares from proceeding with the sale of Plaintiff's property, Plaintiff states that the property was sold to Defendant Deutsch Bank on September 7, 2016, *see* [#61] at 12, and the Order Approving Sale was entered on September 16, 2016, *see* [#35-7] at 1. The issue is therefore moot. *See Melot v. Roberson*, 653 F. App'x 570, 573 (10th Cir. 2016) (finding that plaintiff's claims seeking to invalidate sale and recover property were moot because "once property is sold, a court generally cannot reverse the sale"). With respect to Plaintiff's request to enjoin Judge John Doe from proceeding with the Forcible Entry and Detainer action, the Court has already considered and rejected these arguments. *See Orders* [#64, #77]. For these reasons, the Court respectfully **recommends** that Plaintiff's requests for injunctive relief, as stated in Claim Five, be **denied**.

[11] It is unclear whether Plaintiff brings this claim pursuant to federal or state law. To the extent that Plaintiff brings a Colorado Fair Debt Collection Practices Act claim, it will be addressed in the following section along with Plaintiff's other state law claims.

against Defendants Castle and Hopp. *See Am. Compl.* [#26] at 29. Plaintiff contends that Defendants Castle and Hopp are "de facto" staff attorneys of the legislature due to their involvement in drafting and amending the foreclosure legislation, allegedly for the purpose of furthering their "debt collection practice." *Id.*

"The FDCPA applies only to 'debt collectors.'" *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1187 (10th Cir. 2013). Plaintiff merely states that these two Defendants are debt collectors, without offering any further explanation. *See Am. Compl.* [#26] at 29-30. Such a conclusory statement is not sufficient, where Plaintiff has not provided any facts whatsoever that indicate that these Defendants attempted to collect any debt from him. Furthermore, although not all courts have agreed, the vast majority of courts, particularly in this District, have found that foreclosure activities are outside the scope of the FDCPA. *See, e.g.*, *Schwitzer v. Wells Fargo Bank, N.A.*, No. 12-CV-01367-RBJ-MJW, 2013 WL 607832, at *5 (D. Colo. Feb. 19, 2013).

Accordingly, the Court respectfully **recommends** that Claim Six, to the extent that Plaintiff brings this Claim pursuant to federal law, be **dismissed with prejudice**. *See Lewis*, 2014 WL 1217948, at *8 (dismissing with prejudice plaintiff's FDCPA claim for failure to sufficiently allege that defendant was a debt collector).

**D.    State Law Claims**

Plaintiff also asserts state claims of (1) fraud, (2) unjust enrichment, (3) quiet title/adverse possession, (4) malicious abuse of process, and possibly (5) a Fair Debt Collection Act claim under Colorado law. *See Am. Compl.* [#26]. These are claims which "[f]ederal law neither created . . . nor is federal law a necessary element of it. [They are]

purely . . . state-law claim[s]." *Tinner v. Farmers Ins. Co.*, 504 Fed. App'x 710, 714 (10th Cir. 2012) (citation omitted). Here, subject matter jurisdiction is based on federal question jurisdiction.[12] *See Am. Compl.* [#26] at 2. As a result, consideration of the remaining claims would require that the Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The exercise of supplemental jurisdiction "is within a district court's discretion." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013). Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims"). Thus, having recommended dismissal of Plaintiff's federal claims, the Court further **recommends** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and that such claims (Claim Three, Claim Four, Claim Seven, and Claim Eight in their entirety, and Claim Six in part) be **dismissed without prejudice**. *Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (holding that where federal claims are dismissed before trial, federal courts should decline to exercise supplemental jurisdiction over state law claims by dismissing the claim without prejudice).

E.     **"Doe" Defendants**

"[P]ursuant to Fed. R. Civ. P. 10(a), a caption to a complaint must include the names

---

[12] Plaintiff does not assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011) ("*Culp I*"), *aff'd*, 456 F. App'x 718 (10th Cir. 2012) ("*Culp II*"). The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit [therefore,] 'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Culp I*, 2011 WL 1597686, at *3 (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)).

Plaintiff has named "Judge John Doe"[13] and "John Does 1-10" as Defendants. Plaintiff appears to bring his unjust enrichment claim against Judge John Doe, and his quiet title claim against John Does 1-10. *See Am. Compl.* [#26] at 27; 30. Both claims arise under state law. Thus, the Court need not engage in an analysis of the sufficiency of the allegations against any Doe Defendants if the recommendation to decline to exercise supplemental jurisdiction over state law claims is accepted. Accordingly, the Court respectfully **recommends** that Plaintiff's claims against Judge John Doe and John Does 1-10 be **dismissed without prejudice**. *See Culp II*, 456 F. App'x at 720 (affirming dismissal of claims against John Doe defendants).

## F. Plaintiff's Motion to Change Status [#66]

Lastly, Plaintiff's Motion to Change Status [#66] seeks to change Defendant Weishaupl's status from "nominal defendant" to a proper defendant "because plaintiff believes that she is now giving substantial assistance to the conspiracy . . . by assuming the role of Judge in the eviction . . . ." *See* [#66] at 2. First, Plaintiff has been given two

---

[13] The Court notes that Plaintiff names this Judge in the Second Amended Complaint [#54], but that he is not a proper defendant because the Second Amended Complaint has not been accepted for filing. *See Minute Orders* [#52, #96].

opportunities to file a motion seeking leave to amend his First Amended Complaint, most recently on April 12, 2017. *See Minute Orders* [#52, #96]. On both occasions, Plaintiff neglected to file such a motion. Second, as discussed above, the Court recommends that all claims against Defendant Weishaupl be dismissed. Any amendment to the claims against her would therefore be futile. *See Sause v. Bauer*, No. 16-3231, 2017 WL 2641070, at *2 (10th Cir. June 20, 2017) (affirming dismissal with prejudice where an opportunity to amend would be futile). Accordingly, the Court respectfully **recommends** that the Motion to Change Status [#66] be **denied**.

### IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that all Defendants' Motions [#29, #33, #35, #40, #43, 58] be **GRANTED** and that the Amended Complaint [#26] be **DISMISSED as outlined below**.

If this Recommendation is accepted, the following claims will be **dismissed with prejudice**:

(1) Individual-capacity claims against Defendant Weishaupl, on the basis of judicial immunity;

(2) Claim One, to the extent that Plaintiff challenges the constitutionality of Rule 120;

(3) The remainder of Claim One (with respect to Defendants Deutsche Bank, Castle, Hopp, Whitmer, and Mares);

(4) Claim Two with respect to Defendants Deutsche Bank, Castle, Hopp, Whitmer, and Mares; and

(5) Claim Six, to the extent that Plaintiff brings the Claim under federal law.

If this Recommendation is accepted, the following claims will be **dismissed without prejudice**:

(1) All claims made against Defendant Weishaupl in her official capacity, on the basis of Eleventh Amendment immunity;

(2) Claim One, to the extent that Plaintiff seeks to undo his foreclosure proceedings, pursuant to the *Rooker-Feldman* doctrine;

(3) Claim Three, Claim Four, Claim Seven, and Claim Eight in their entirety, and Claim Six to the extent that Plaintiff brings the Claim under state law.

The Court further **RECOMMENDS** that Plaintiff's requests for injunctive relief as stated in Claim Five be **DENIED**.

The Court further **RECOMMENDS** that Plaintiff's Motion to Change Status [#66] be **DENIED**.

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 5, 2017

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge